Merrimack,
June 20, 1902.

## BUTTRICK *v.* EMERY.

A verbal refusal to receive in hand a writ of *habeas corpus* does not subject
the person to whom it is directed to the penalty prescribed by section 27,
chapter 239, Public Statutes, unless delivery of the process is thereby
prevented.

DEBT, under the statute, for refusing to accept service of a
writ of *habeas corpus.* Plea, the general issue. Transferred from
the October term, 1901, of the superior court by *Stone,* J.

It appeared that one Clark, a deputy sheriff who had the writ
to serve, called upon the defendant at his house and told him that
he had a paper which he wanted to serve upon him. The defend-
ant thereupon said: "I shall take no paper." Clark told him it
was an order from court to call him to Concord. He declined to
receive the writ, and put his hands behind him. Clark again told
him to take it, and he said: "I haven't my spectacles with me. I
cannot read it. You read it to me." Clark replied that it was
not his business, and asked the defendant to take the writ. This
he again declined to do, but said: "You can leave it in the wheel-
barrow if you wish." The wheelbarrow was standing near by, but
Clark declined to leave the writ there and went away, taking the
writ with him. The court submitted to the jury the following
question: "Did the defendant Emery intend to hinder, delay, or
avoid service upon him of the said writ of *habeas corpus?*" The
jury answered in the affirmative. On the plaintiff's motion the
court directed a verdict in his favor for the statutory penalty, and
the defendant excepted.

*Barron Shirley,* for the plaintiff.

*Dearborn & Chase,* for the defendant.

WALKER, J. The statute provides that a writ of *habeas corpus*
may be served by "any person, by delivering the original to the
person to whom it is directed." P. S., c. 239, s. 14. "If a per-
son to whom a writ of *habeas corpus* is directed refuses to receive
it, or conceals himself, or avoids, so that the writ cannot be deliv-
ered to him, . . . he shall forfeit for every such offence, to the
person aggrieved, the sum of five hundred dollars." *Ib.,* s. 27.
The important point in the service is the delivery of the writ to
the defendant. Whether he is willing to receive it is immaterial.
If, notwithstanding his refusal, he does forthwith receive it,—

that is, allows it to be delivered to him at once,— the service is complete, and he does not incur the penalty of the statute. The legislature did not intend to subject a person to a heavy penalty for a merely verbal refusal to receive a writ, which does not prevent its delivery to him; nor is its delivery dependent upon his affirmative acceptance of it. In other words, it may be delivered to him within the evident meaning of the statute, although he refuses to receive it; and if it is delivered to him, his harmless refusal becomes immaterial. If the officer in this case had left the writ in the wheelbarrow, as suggested by the defendant, it would have been delivered to him, and the service would have been sufficient. No reason is intimated why the defendant might not as legally receive the writ in his wheelbarrow, which was near by and in his immediate possession, as in his hand, or why under the circumstances the delivery would not be equally effective if made in either way.

It seems from the case that the officer insisted that the defendant should receive the writ in his hand, and refused to permit him to receive it in his wheelbarrow. The defendant was willing to receive it if left in the wheelbarrow, but declined to take it in his hand. His refusal was not of such a character that the writ could not be delivered to him conveniently and without delay. Hence, upon the uncontroverted facts relating to the officer's attempt to serve the writ upon the defendant, a verdict for the plaintiff cannot be sustained. The special question submitted to the jury was immaterial. The fact that the defendant intended to "hinder, delay, or avoid service upon him of the said writ of *habeas corpus*" does not negative the legal conclusion from the facts reported, that the writ might have been legally delivered to him. His refusal, accompanied with an intention to avoid the service upon him, did not render the delivery of the writ to him impossible or even inconvenient. There is, therefore, no evidence sufficient in law to sustain a verdict for the plaintiff; and the ruling of the trial court ordering such a verdict, upon the special but immaterial finding of the jury, was error. The defendant is entitled to judgment.

*Exception sustained : verdict set aside : judgment for the defendant.*

All concurred.